**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LENNON A. THOMAS,<br><br>Debtor. | NOT FOR PUBLICATION<br><br>Case No. 14-11738 (MG)<br><br>Chapter 7 |

**MEMORANDUM OPINION AND ORDER GRANTING RELIEF FROM THE**
**AUTOMATIC STAY**

*A P P E A R A N C E S:*

BUCKLEY MADOLE, P.C.
*Attorneys for Specialized Loan Servicing, LLC*
420 Lexington Avenue, Suite 840
New York, NY 10170
By:    Melissa N. Licker, Esq.

LENNON A. THOMAS
*Pro Se Debtor*
968 East 224th Street
Bronx, NY 10466

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the motion for relief from the automatic stay (the "Motion," ECF Doc. # 87) regarding real property of Lennon A. Thomas (the "Debtor"), located at 904 East 220th Street, Bronx, NY 10469 (the "Property"). The Motion was filed on December 6, 2016, by Specialized Loan Servicing LLC (the "Movant") as servicing agent for Wells Fargo Bank, N.A. ("Wells Fargo"). The Motion is supported by a memorandum of law (the "Memorandum," ECF Doc. # 87-4); the statement of Melissa N. Licker (ECF Doc. # 87-1); the 362 Worksheet sworn by Hunter Robinson (the "Worksheet," ECF Doc. # 87-2); and several exhibits, including the note and mortgage on the Property (ECF Doc. # 87-3). On December 29,

2016, the Debtor filed an *Affirmation in Opposition [to] an Order Seeking Relief from the Automatic Stay* (the "Opposition," ECF Doc. # 88).

The Court held a hearing on the Motion on January 4, 2016. For the reasons stated below, the Motion is **GRANTED**.

## I.    BACKGROUND

### A.    The Loan and the Bankruptcy Proceedings

On March 1, 2007, the Debtor borrowed $548,700.00 from New Century Mortgage Corporation ("New Century"). The debt was evidenced by a note (the "Note"), which was secured by a mortgage on the Property (the "Mortgage"). (ECF Doc. # 87-3.) The Mortgage was later assigned to Wells Fargo Bank, N.A. as Trustee for the Certificateholders of MASTR Asset-Backed Securities Trust 2007-NCW Mortgage Pass-Through Certificates, Series 2007-NCW. (*Id.* at 37.) The Movant is the current loan servicer. (Mem. at 1.) As of December 6, 2016, the Debtor owed $960,601.41 on the Property and had not made a payment since before July 1, 2009. (Worksheet at 2–3.)

On June 6, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for bankruptcy protection under chapter 7 of the Bankruptcy Code. (ECF Doc. # 1.) According to the Debtor's Statement of Intention, the Debtor intends to retain the Property and engage in loan mitigation. (*Id.* at 31.) As of the Petition Date, the Debtor valued the Property at $330,000.00. (*Id.* at 6.) The Debtor does not reside in the Property; he uses it as an income-producing rental property.

Two previous motions for relief from the stay regarding the Property have been filed and withdrawn. (*See* ECF Doc. ## 56, 57, 69, 81.) On July 10, 2014, the Court entered an order for loss mitigation under this Court's Loss Mitigation Program. (*See* ECF Doc. # 14.) On July 20, 2016, after the Debtor's extended but unsuccessful efforts to obtain a loan modification, the

Court entered an *Order Terminating Loss Mitigation and Final Report*, noting that no agreement had been reached and the loss mitigation process regarding the Property was therefore terminated. (ECF Doc. # 86.) On July 27, 2016, the chapter 7 trustee entered a *Report of No Distribution* on the docket.

### B. The Motion

The Movant argues that relief from the automatic stay is warranted because (i) the Debtor's payment default constitutes "cause" to lift the stay under section 362(d)(1); and (ii) the Debtor has no equity in the Property, and the Property is not necessary to an effective reorganization under section 362(d)(2). (Mem. at 2–3.) There is no equity in the Property, leaving the Movant and Wells Fargo without adequate protection. (*Id.* at 1.)

### C. The Opposition

The Debtor argues that there is no clear chain of title from New Century to Wells Fargo, because the Debtor never made mortgage payments to the Movant or to Mortgage Electronic Registrations Systems, Inc. ("MERS"), "New Century Mortgage Corporation never signed the note," and the mortgage assignment was "an invalid act." (Opp. at 4, 7.) The Debtor also argues that (i) service of process for a foreclosure action in Bronx Supreme Court was insufficient and "fraudulent"; (ii) "plaintiff" (presumably the Movant) never responded to the Debtor's Qualified Written Requests under RESPA; and (iii) Wells Fargo has changed attorneys and loan servicers several times. (*Id.* at 5–6.) The Debtor reiterates his intention to retain the Property and seek a modification of the Mortgage, but makes no mention of the order terminating loss mitigation (ECF Doc. # 86) and does not articulate a concrete plan to pursue modification. (*Id.* at 4–5.)

## II. LEGAL STANDARD

The Bankruptcy Code imposes an automatic stay of all litigation against the debtor. 11 U.S.C. § 362(a). But a party in interest can seek relief from this automatic stay "for cause

3

including the lack of adequate protection of an interest in property." 11 U.S.C. § 362(d)(1). Alternatively, with regards to real property, a party can move to lift the automatic stay when a debtor has no equity interest in the property and the property is not necessary to reorganization of the estate. 11 U.S.C. § 362(d)(2). "Sections 362(d)(1) and (d)(2) are disjunctive. This means that the Court must lift the stay if the movant prevails under either of the two grounds." *In re Elmira Litho, Inc.*, 174 B.R. 892, 900 (Bankr. S.D.N.Y. 1994) (collecting cases).

Any party moving to lift the automatic stay under section 362(d) must first establish its *prima facie* case. A *prima facie* case that a party lacks adequate protection under section 362(d)(1) can be satisfied by showing (i) a quantitative decline in value of a property, or (ii) that the debtor has failed to make numerous post-bankruptcy payments. *See Elmira Litho*, 174 B.R. at 902–04. A *prima facie* case under section 362(d)(2) requires a showing that the debtor has no equity in the property and that the property is not necessary to the reorganization of the estate. *See* 11 U.S.C. § 362(d)(2). If a movant fails to demonstrate its *prima facie* case, the court must deny the request to lift the stay. 3 COLLIER ON BANKRUPTCY ¶ 362.10 (16th ed. 2016). Once the creditor makes a *prima facie* case, the burden shifts to the debtor on all other issues. *Elmira Litho*, 174 B.R. at 902; 3 COLLIER ON BANKRUPTCY ¶ 362.10.

Courts will find inadequate protection of property under section 362(d)(1) when a debtor has failed to make post-petition payments. *See, e.g.*, *In re Ellis*, 60 B.R. 432, 435 (B.A.P. 9th Cir. 1985) (affirming bankruptcy court's decision that the failure to make post-petition payments constitutes cause for terminating the automatic stay in a chapter 13 case); *In re Uvaydov*, 354 B.R. 620, 623–24 (Bankr. E.D.N.Y. 2006) (holding that "it is well established under decisional law that a debtor's failure to make post-petition mortgage payments in bankruptcy rehabilitation proceedings can constitute cause for relief under § 362(d)(1)" and that "the Debtor's failure to

4

pay in excess of $50,000 of post-petition [mortgage] payments over an eleven month period constitutes more than ample cause to lift the automatic stay in a chapter 13 case"); *In re Lord*, 325 B.R. 121, 129 (Bankr. S.D.N.Y. 2005) (finding inadequate protection where debtor failed to make post-petition mortgage payments).

To succeed on a section 362(d)(2) motion, a secured creditor must establish that the debtor has no equity in the property and that the property is not necessary for an effective reorganization. *See Elmira Litho*, 174 B.R. at 900 (collecting cases). Courts use simple arithmetic to calculate the equity in a property, subtracting the total claims from the value of the property. If the value of claims against a property exceeds the value of the property, the debtor has no equity in the property. *See* 3 COLLIER ON BANKRUPTCY ¶ 362.07[4][a]. If the movant shows that the debtor lacks equity in the property, the debtor must then show "that there [is] a reasonable possibility of a successful reorganization within a reasonable time" and that the property is "essential" to such a reorganization. *In re Timbers of Inwood Forest*, 484 U.S. 365, 375–76 (1988).

### III.    ANALYSIS

Although the Debtor argues that there is no "clear chain of title," the Movant has standing. Here, the Note was indorsed in blank. (ECF Doc. # 87-3 at 5.) "An indorsement in blank specifies no particular indorsee and may consist of a mere signature. An instrument payable to order and indorsed in blank becomes payable to bearer and may be negotiated by delivery alone until specially indorsed." McKinney's Uniform Commercial Code § 3-204. On January 10, 2012, the Mortgage was assigned to Wells Fargo, N.A., by MERS "as nominee for New Century Mortgage Corporation." (*Id.* at 37.) The Debtor's argument that he has never made mortgage payments to Wells Fargo or MERS is beside the point. The Debtor has not made *any* mortgage payments since the summer of 2009; even if he had, any payments would have

been made to the servicer (a fact the Debtor acknowledges by complaining that Wells Fargo has used multiple servicers during the life of his loan (Opp. at 5)), not to the holder of the Note and Mortgage.

Relief from the stay is appropriate here under section 362(d)(1) because the Debtor has missed numerous post-petition payments and the Property has declined in value. *See Elmira Litho*, 174 B.R. at 902–04. The Worksheet shows that the Debtor has been in default since July 1, 2009, a fact the Debtor acknowledges in the Opposition. (Opp. at 4 ("I made my monthly payments on time until I had a little financial difficulty . . . .").) Additionally, as the Debtor also acknowledges, the property has undergone a significant loss of value. (*See id.* at 4 (noting that the property had lost over $200,000.00 in value).)

Relief from the stay is also warranted under section 362(d)(2). The Debtor has no equity in the property: the total indebtedness at the time of the Motion's filing was $960,601.41. (Worksheet at 2.) The Debtor values the property at $330,000.00. (ECF Doc. # 1 at 6.) Because the Movant has shown that the value of the claims against the property exceeds the value of the property, the burden shifts to the Debtor to show possibility of reorganization and that the property is essential to such reorganization. *In re Timbers of Inwood Forest*, 484 U.S. at 375–76. There will be no reorganization because the Debtor is proceeding under chapter 7; indeed, the Opposition is silent regarding reorganization. The Debtor had a lengthy opportunity to seek a loan modification through the Court's Loss Mitigation Program. Those efforts ended unsuccessfully through no fault of the mortgagee, which showed great forbearance in seeking to lift the stay and proceed with foreclosure. Nothing prevents the Debtor from continuing his efforts outside of this Court to seek a loan modification before the Property is sold at a

6

foreclosure sale. Any further restraint on foreclosure from the automatic stay is clearly unwarranted.

## IV. CONCLUSION

For the reasons discussed above, the Motion is hereby **GRANTED**. The Movant shall serve a copy of this Order on the Debtor and file a certificate of service on the docket.

**IT IS SO ORDERED.**

Dated:   January 5, 2017
         New York, New York

*Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge